## Cooper et al. *v.* Gasteiger, Appellant.

*Contract—Misrepresentations as to coal property — Set-off—Defense—Evidence.*

1. Where defendant in an action of assumpsit sets up, as a defense, losses caused by misrepresentation of plaintiff as to coal property sold by him to defendant, the latter must prove, not only that the representations were made by plaintiff, but that they were untrue, and that defendant believed in their truth and acted upon them to his injury.

2. Such a defense çannot avail where the evidence shows that defendant did not rely on the representations, but made a personal examination of the property, consulted experts of his own selection, who examined the land, and that he did not purchase until after such examination had been made.

Argued October 9, 1923. Appeal, No. 56, Oct. T., 1923, by defendant, from judgment of C. P. Allegheny Co., April T., 1921, No. 258, on verdict for plaintiffs, in case of M. V. Cooper et al. v. Joseph W. Gasteiger. Before

FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.
Affirmed.

Assumpsit to recover amount of liens assumed by defendant in sale of coal property by plaintiffs to defendant.  Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiffs for $10,-204.27.  Defendant appealed.

*Error assigned* was, inter alia, direction of verdict for plaintiffs, quoting record.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellant.—The sale was procured by material misrepresentations: Braunschweiger v. Waits, 179 Pa. 47; Berlin Smokeless Coal Co. v. Rohm, 272 Pa. 24; Fisher v. Worrall, 5 W. & S. 478; Jack v. Hixon, 23 Pa. Superior Ct. 453; Browning v. Rodman, 268 Pa. 575.

*Thomas Stephen Brown,* of *Brown & Stewart,* for appellees.—The general rule is that a mere expression of opinion is not a fraud, though the facts prove to be the reverse of the statement: Wessels v. Weiss Bros., 156 Pa. 591; Gordon v. Butler, 105 U. S. 553; Hershey v. Keembortz, 6 Pa. 128, 132.

Where a party has made his own investigation, he cannot claim that he was deceived by the things which were told to him by the other party to the contract: Phipps v. Buckman, 30 Pa. 401; Ackman v. Jaster, 179 Pa. 463; Slaughter v. Gerson, 80 U. S. 379; Farnsworth v. Duffner, 142 U. S. 43; Southern Development Co. v. Silva, 125 U. S. 247.

OPINION BY MR. JUSTICE FRAZER, January 7, 1924:

Plaintiffs sold defendant 260 acres of coal land, situated in West Virginia, subject to the lien of debts aggregating $14,500, secured by deeds of trust on the property,

which indebtedness defendant assumed and agreed to pay as part of the consideration. Settlement was made and the purchaser went into possession of the property. Subsequently, defendant having failed to pay the liens, the trustee named in the trust deeds sold the property for a sum insufficient to pay the encumbrances in full, leaving a balance of $9,737.71, for which amount, plaintiffs being liable, this action was begun for its collection. The defendant denied liability, alleging the plaintiffs induced him to purchase the property by false representations made as to the quantity of coal underlying the surface and claimed damages for losses sustained. The trial judge directed a verdict for plaintiffs and defendant appealed. The sole question involved is whether the evidence offered by appellant to show inducement to purchase through misrepresentations made by the plaintiffs should have been submitted to the jury.

Appellant's evidence indicated the property had been listed for sale with a real estate firm in Pittsburgh as being "all underlaid with three to five feet of coal known as the Mahoning vein," that defendant visited the property, including the mine then being operated, and that plaintiff assured him there were from three to five feet of coal underlying the land. Defendant stated he desired to consult others before deciding whether or not he would purchase and subsequently again visited the premises in company with two experienced miners of coal with whom he examined the farm. They inspected the mine, at the time being operated, and also another opening which plaintiffs explained had been abandoned for reasons concerning the operation of the mine. Defendant produced evidence of other unused openings discovered afterwards, to which his attention had not been called, and had been abandoned because the land at those openings was barren of coal. His sole contention was that plaintiffs falsely represented the property to be entirely underlaid with the Mahoning vein, which was untrue, and that he relied upon the truth of the representation in making the

purchase. Plaintiffs denied having made such statement, admitting, however, they informed defendant they believed there was coal under the greater part of the tract and that faults "Known as horse backs, clay veins and the like" might be expected.

It appears the land was traversed by a ravine from which could be seen, and defendant's experts saw, the outcropping coal at various places, indicating definitely that the vein in question could not possibly have underlaid the entire tract. No drillings were made to test the property and defendant had equal opportunity with plaintiffs to judge as to the extent of the body of coal. Any representation as to the quantity of coal made by plaintiffs was evidently a mere expression of opinion and this fact must have been known to defendant who, it appears, did not rely on the alleged representation but had the property examined by two experienced coal operators, upon whose advice he acted on making the purchase. These two experts had an interest with defendant in the operation of the mine and subsequently instituted proceedings in equity against him for an accounting and, in answer made by defendant in that proceeding, the latter expressly averred he relied entirely upon the judgment of plaintiffs in that case in making the purchase and believed at the time there was marketable coal under the land which was not removed because they (plaintiffs in that bill) failed to properly operate the mine.

It clearly appears from this and other testimony that the defendant did not rely upon the representations attributed to plaintiffs, but made a personal examination of the property and consulted experts, of his own selection, in the coal business, who examined the farm with him and it was not until after a most thorough inspection of the property that he decided to purchase. His actions are wholly inconsistent with his present claim of being misled by statements made by plaintiffs in this action. The defense set up was an affirmative one and the burden rests on defendant to prove, not only that represen-

tations were made by plaintiffs, but that they were untrue and that defendant believed in their truth and acted upon them to his injury: McAleer v. McMurray, 58 Pa. 126; Gillespie v. Hunt, 276 Pa. 119; Southern Development Co. v. Silva, 125 U. S. 247. In the present case defendant failed to meet this burden.

The judgment is affirmed.