## Sauter v. B.J.R., Inc.

*Philip H. Williams*, for plaintiffs.
*Lee B. Koehler*, for defendant.

WILLIAMS, P. J., July 25, 1975—This action was instituted by a complaint in equity to which the defendant filed a preliminary objection to the jurisdiction of equity, asserting that plaintiffs have a non-statutory cause of action on the law side of the court. Depositions of witnesses in support of the preliminary objection were taken before the court on July 24, 1975. The testimony of husband plaintiff disclosed that plaintiffs purchased a lot and dwelling from defendant by deed delivered on May 22, 1973. The dwelling was under construction at the time a written contract to purchase was executed. At the time of closing, certain items were still not completed and an oral escrow agreement was entered into at the closing whereby the sum of $3,896.71 was retained by a bank to assure completion of the unfinished work. Considerable of the unfinished work had been completed by May 25, 1975, and on that date, at the request of the president of defendant corporation, husband plaintiff

released the escrow funds, on the promise that all work would be completed. His testimony shows that the work was completed except in some minor details. He testified the problem is not that defendant failed to complete the work but that the workmanship was unsatisfactory. While failure to finish the work in a good and workmanlike manner may give rise to a cause of action for damages suffered by reason of the defective nature of the work, such evidence does not establish fraud on the part of defendant.

In Edelstein et al. v. Carole House Apartments, Inc., 220 Pa. Superior Ct. 298, 303 (1973), it is stated:

". . . Fraud is the misrepresentation of a material fact on which the other party relies to his injury. Cooper v. Gasteiger, 278 Pa. 544, 123 A. 500 (1924). The breach of a promise to do something in the future is not fraud. First Nt'l. Bank v. Sagerson, 283 Pa. 406, 129 A. 333 (1925)."

Here the promise was defendant would complete the unfinished work. This promise was kept. The fact that plaintiffs claim that the work was not satisfactorily performed does not provide a basis for a finding of fraud. The evidence establishes not only that defendant substantially performed the promise made by its president but, in addition thereto, erected a partition across the basement which it had no contractual duty to do.

The allegation of fraud contained in the complaint is not sustained by the evidence and any claim plaintiffs may have must be resolved on the law side of the court.

## ORDER

And now, July 25, 1975, defendant's preliminary

objection to the jurisdiction of a court of equity in this matter is sustained. In accordance with Pa. R.C.P. 213(f), this case is certified to the law side of the court.