# Bower *versus* Fenn and Wife.

In the sale of the stock, lease and fixtures of a drug store, the vendee, who had no knowledge of the business, relied upon the truth of the vendor's statements as to the value of the store. A mortgage was given for a portion of the purchase-money, and in ejectment thereon, *held*, that if the statements made by the vendor of the value of the property were false in fact, his belief that they were true was of no consequence, and did not preclude the vendee from setting up their falsity as a defence; that if the vendor permitted the vendee to contract with him on the faith of his statements of value, he was bound not merely to believe, but to know they were true. *Held, further*, that a conditional verdict is not proper, in an ejectment upon a mortgage.

May 22d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and WOODWARD, JJ., absent.

Error to the Court of Common Pleas of *Dauphin county*: Of May Term 1879, No. 155.

Ejectment by Robert S. Bower against James V. Fenn and Rebecca J. Fenn, his wife, to enforce the payment of certain money due upon a mortgage given by Fenn and his wife, upon the property of the wife, to secure the payment of $9000.

It appeared that Bower, who was a druggist of many years' experience, offered for sale the stock, fixtures, lease and good-will of his drug store at Eighteenth and Market streets, Philadelphia. Fenn, who lived in Harrisburg and who had no knowledge of the

drug business, entered into negotiations for its purchase. Bower represented to Fenn that the stock and fixtures alone were worth $9000, and first asked $12,500 for the establishment, but finally agreed to take $10,500 therefor. Fenn, relying upon the representation of Bower, made but a slight examination of the store, and no inventory of the stock was taken, Bower objecting on the ground that he did not want his clerks or customers to know that he contemplated a sale, and because it would involve too much time and trouble. The whole establishment was subsequently sold at sheriff's sale for $2000. At the time of the purchase Fenn paid Bower $1500 in cash and gave a judgment-bond for the balance, secured by a mortgage on his wife's land. Several instalments being unpaid, this action was brought upon the mortgage. At this time $7500 were still due on the mortgage, and plaintiff contended he was entitled to recover the land mortgaged, and hold it until the debt was fully paid.

At the trial before Pearson, P. J., the following, among other points, was presented by plaintiff, to which is appended the answer of the court: Even if the jury should believe that Fenn relied upon the statements as to the value of the stock made by plaintiff, yet if they were made in good faith and constituted the latter's real opinion as to such value, though the estimate might have been too high, it will be no ground of defence in this action, especially as defendant had full opportunity to verify the statements, and might have declined the purchase unless an inventory was taken.

Ans. "In case of misrepresentation by one who had long and well known the value of goods to one who was ignorant of the value, the contract should be rescinded early after the fraud is discovered. If not discovered until afterwards, when it was out of the power of the defendant to return the goods, the price may be reduced in cases of actual fraud practised on him in the sale."

In the general charge the court, inter alia, said: "It is contended by plaintiff's counsel that if any money was due when the action was commenced, they are entitled to a verdict and to hold the land till debt, interest and costs are paid. We can see no good reason why the plan recommended by the Supreme Court in actions to enforce payment on articles, should not be applied in such cases, by having the jury fix the amount and time of payment; and on default that the title should be forfeited; or what is said to be much better, that a writ should issue to the sheriff to sell the land, and thus avoid a forfeiture, and obtain what would be nearer its full value. You have it in your power to render a conditional verdict. This, with the answers to the points, will meet every question raised in the case."

The jury rendered a verdict "in favor of plaintiff for the land mortgaged, and claimed in the ejectment to be released on payment of $500 on the first day of June 1879 ; $500 on the first of April

[Bower v. Fenn.]

1880, and $500 on the first of April 1881, all to bear interest from March 22d 1879, to be in full of the money called for in the mortgage. If any instalment is not paid when due, the plaintiff to issue a writ of levari facias to sell the property for payment of the whole sum we find to be payable on the mortgage."

Judgment was entered on this verdict, when the plaintiff took this writ and alleged that the court erred in their answer to the above point, and in the instruction to the jury that they might find a conditional verdict.

*H. M. Graydon*, for plaintiff in error.—We asked the court to instruct the jury that if plaintiff's statements as to the value of the store were made in good faith, and constituted his real opinion, there would be no fraud even though his estimate might have been too high. The answer has no reference whatever to the proposition submitted. To sustain the defence here set up, there must be an intentional misrepresentation, on which the party relied when he had no means of discovering its falsity: Phipps v. Buckman, 6 Casey 401; Watts v. Cummins, 9 P. F. Smith 84; Clark et al. v. Everhart et al., 13 Id. 347; Weist & Myers v. Grant, 21 Id. 95. The jury had no right to render a conditional verdict: Fluck v. Replogle, 1 Harris 405.

*Fleming & McCarrell*, for defendants in error.—Even if the answer to the plaintiff's point was not directly responsive, the charge of the court fairly met and affirmed it, when they said, "If there was no misrepresentation and over-reaching, no taking advantage of the purchaser's ignorance by falsehoods, there can be no deduction. There must, as a general rule, be either fraud or warranty to avoid a sale, some deception practised on the purchaser by misrepresentation, by which he is deceived. You must judge whether such was the case here." The conditional verdict was proper.

Mr. Justice GORDON delivered the opinion of the court, June 2d 1879.

The only assignment of error that has particularly drawn our attention in this case, is that embracing the answer to the plaintiff's fifth point. Complaint is made that the answer is not responsive to the point, and this, we think, is well founded. It only remains for us to consider whether the plaintiff was entitled to an affirmative answer, for if not, if it might have been negatived or refused; then he has nothing of which to complain. The point is as follows: "Even if the jury should believe that Fenn relied upon the statements as to the value of the stock, made by the plaintiff, yet if they were made in good faith, and constituted the latter's real opinion as to such value, though the estimate might have been too

[Bower *v.* Fenn.]

high, it will be no ground of defence in this action, especially as the defendant had full opportunity to verify the statements, and might have declined the purchase unless an inventory was taken."

It will be observed that this point is put upon the ground that Fenn relied upon the statements concerning the value of the property, made by Bower, and, consequently, that he dealt upon the faith of those representations. This, of course, means that Fenn was induced to depend upon Bower's knowledge of the stock, and to trust to that knowledge rather than to information which he might have acquired by an inventory, or by other means. This statement of the question, however, settles the controversy adversely to the point put, for if, as the jury have found, the statements, made by the plaintiff, of the value of the property, were false in fact, his belief, that they were true, was of no consequence; for, because of such belief, they were none the less false, neither was Fenn the less deceived thereby. If Bower chose to permit Fenn to contract with him, on the faith of his statements of value, he was bound not merely to believe, but to know, that they were true. This very point is ruled in the case of Fisher *v.* Worrall, 5 W. & S. 478, wherein it was held, that a misrepresentation by a vendor of an occult quality in land, though it may have been made in ignorance of the truth, and although the vendee agreed to run the risk of this, was, in an action for the recovery of the purchase-money, a decisive objection to the plaintiff's recovery. Here, as in the case in hand, the contract resulted from the plaintiff's representations, which, in the end, turned out not to be true; without these, the contract never would have been made; hence, without regard to his belief, the plaintiff was responsible for their verity. The best, indeed, that can be said for Bower is, that he asserted for truth what he did not know to be so, but this, as is ruled in the case above cited, is equivalent to the assertion of a known falsehood.

Weist *v.* Grant, 21 P. F. Smith 95, and Watts *v.* Cummins, 9 Id. 85, have been cited in support of the point under consideration, but in both these cases Fisher *v.* Worrall is recognised as authority, and the cases are so clearly distinguished, by Mr. Justice AGNEW, who delivered the opinions in the two first named, that it is unnecessary for us to attempt a re-discussion of the subject.

The conditional verdict, as directed by the court, and the judgment entered thereon, are wrong and must be corrected. As was said in Fluck *v.* Replogle, 1 Harris 405, "There is no necessity for a conditional verdict. Indeed it would be unjust for the jury to prescribe conditions by delaying the payment of money already due, and thereby impairing the security." It is, indeed, difficult to see how the verdict, as rendered in this case, can be enforced. It gives the plaintiff no right to enter upon the premises, neither could default in payment bar the defendant's equity of redemption. It is true, the verdict provides for a levari facias on the non-pay-

[Bower v. Fenn.]

ment of any one of the instalments, but this, in effect, substitutes the writ of ejectment for a scire facias, or for a bill in equity, but as no such use has been heretofore made of this writ, in the case of a mortgage, its legality may well be doubted. As, however, the verdict fixes the amount due the plaintiff, the conditional part of it may be treated as surplusage; for the court has the right to mould a verdict according to the requirements of law: Byrne v. Grossman, 15 P. F. Smith 310. We therefore direct that the verdict be amended as above directed, and that judgment be entered for the plaintiff for the land described in the mortgage, to be by him possessed and held until the net rents, issues and profits thereof pay the amount of the said verdict ($1500), with interest from the 22d of March 1879, and costs.

Subject to the amendment as above stated, the judgment is affirmed.