Ritchey *v.* Mars et ux., Appellants.

Argued November 13, 1973. Before Wright, P. J., Watkins, Jacobs, Hoffman, Cercone, and Spaeth, JJ. (Spaulding, J., absent.)

*Samuel M. Rosenzweig,* with him *Rosenzweig & Rosenzweig,* for appellants.

*Donald S. Little,* for appellee.

Opinion by Hoffman, J., April 3, 1974:

This is an appeal from an order denying appellants' petition to open a judgment, which they contend was entered on a note unsupported by any consideration and obtained by an unauthorized signature thereon.[1]

---

[1] Although appellants specifically denied the debt, testified that the transaction was a "trade-in", and supported their version of the circumstances surrounding the signing of the note, the court below considered only appellant's second contention, *viz.,* that Mrs. Mars' signature was a forgery. As the court erred in its determination of that issue, a proper determination of the issues on remand requires the resolution of both issues on appeal.

On June 7, 1966, the appellee (hereinafter Ritchey) sold a property (Colwyn Road) to the appellants for $35,000.00. The Mellon National Bank provided mortgage financing of $25,000.00, leaving an indebtedness of $10,000.00.[2] On December 12, 1967, Mr. Mars signed a note, containing a cognovit clause, payable to Ritchey in the amount of $7,620.00.[3] Mr. Mars and another witness stated that he signed the note at Ritchey's behest so that the latter could show a bookkeeping loss. They further testified that Mr. Mars signed his wife's name to the note when Ritchey presented it to him.

In order to open a judgment by confession the judgment debtor must act promptly and produce evidence in support of a meritorious defense. *Wenger v. Ziegler,* 424 Pa. 268, 226 A. 2d 653 (1967). There is no contention that appellants failed to act promptly by petitioning to open the judgment within a month of learning that the judgment had been confessed.

As to the requirement of a meritorious defense, a judgment debtor does "not have to prove its case conclusively. All it [must] do [is] produce such evidence as would persuade the court that, upon submission of

---

[2] According to the Mars', this balance was to be satisfied by an exchange of another property (Island Ave.) owned by them, with Ritchey assuming the outstanding mortgage of $2,000.00 thereon. Ritchey contends that the proceeds from the sale of the Island Avenue property were to be applied in reduction of the indebtedness. The sale of the property conducted by Ritchey netted $6,221.77 resulting in either a loss to Ritchey of $5,778.23, or an indebtedness by Mars to Ritchey in the same amount. Ritchey has included that amount in his statement of the amount due on the note.

[3] In addition to the $5,778.23 (see footnote 2) the note included amounts allegedly advanced by Ritchey to the Mars for closing costs, a tax escrow account, and payments to a contractor for construction of a patio. Appellants contend that they paid the closing costs in cash at the time of closing, and that the other amounts were to be paid by Ritchey.

the issue to a jury, a verdict in its favor could be upheld."[4] *Yellow Cab Company of Philadelphia v. Carpol Realty Co., Inc.,* 221 Pa. Superior Ct. 132, 136, 289 A. 2d 241 (1972).

In the instant case, if appellants' version of the real estate transaction and the signing of the note is accepted,[5] there was no consideration for the alleged debt, and this would be a complete and meritorious defense. Act of Oct. 2, 1959, P. L. 1023, §3-408; Uniform Commercial Code, 12A P.S. §3-408.

In addition to the averment of a meritorious defense, there are other circumstances which support the opening of the judgment. Appellants did not retain counsel to represent them in the transaction, but relied upon Ritchey's assurances that it was unnecessary as he would take care of all arrangements. Since the parties were close personal and business friends, there appears to have been some basis for appellants' reliance on Ritchey's assurances. The sale of the Island Avenue property at a price significantly less than its alleged value[6] without consulting appellants supports their version of the transaction. The appellee, moreover, has not explained the unusual circumstance of the

---

[4] This rule has apparently been relaxed by an amendment to Pa. R.C.P. No. 2959(e) (Effective, Dec. 1, 1973) : "If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to the jury. The modification of this rule may have been necessary in order for confessions of judgments to meet due process standards. See *D. H. Overmyer, Inc. v. Frick Co.,* 405 U.S. 174, 92 S. Ct. 775 (1972) (concurring opinion).

[5] See footnotes 2 and 3.

[6] Although no expert testimony was introduced to establish the value of the Island Avenue property, Mrs. Mars stated that it was worth at least $11,000.00.

note being executed one and one half years after the debt was incurred.

We also believe that Mrs. Mars is entitled to pursue her defense of forgery. Mr. Mars stated that he signed his wife's name to the note. Another witness corroborated Mr. Mars' testimony. Mrs. Mars stated that she never signed the note and never gave her husband the authority to do so. If Mr. Mars did, in fact, sign his wife's name to the note, she would not be liable thereon, for the mere existence of a marital relationship neither gives rise to a relationship of principal and agent nor the authority by one spouse to bind the other absent consent or ratification. *Madden v. Gosztonyi Savings and Trust Company*, 331 Pa. 476, 200 A. 624 (1938); *Schweitzer v. Evans*, 360 Pa. 552, 63 A. 2d 39 (1949).

The trial judge disbelieved both appellants and another witness regarding the signature on the note. Normally, such a determination of credibility is within the prerogative of the trial court even if it is based upon his review of transcribed depositions. *Gregory v. Fassett*, 178 Pa. Superior Ct. 599, 116 A. 2d 304 (1955). However, appellee produced no competent evidence[7] to rebut the testimony given by appellants and an apparently disinterested witness. Where a judgment debtor offers clear and substantial evidence that a signature on a note is a forgery, the burden of proof shifts to the judgment holder to establish the genuineness of the signature. *Carlson v. Sherwood*, 416 Pa. 286, 206 A. 2d 19 (1965). The appellee failed to meet that burden in the instant case, and the court

---

[7] Mr. Ritchey and his attorney testified that the signature on the note looked like Mrs. Mars' signature. The trial judge did not consider these opinions in his adjudication as neither witness was qualified as an expert or acquainted with Mrs. Mars' signature. Act of June 6, 1913, P. L. 451, §1 et seq.; 28 P.S. §161 et seq.

38

below erred in its refusal to open the judgment. *Yank v. Eisenberg*, 408 Pa. 36, 182 A. 2d 505 (1962).

The order of the court below is reversed and the case remanded for proceedings consistent with this opinion.

JACOBS, J., concurs in the result.