Wolgin *v.* Mickman (et ux., Appellant).

Argued December 4, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Victor J. Roberts,* with him *High, Swartz, Roberts & Seidel,* for appellant.

*Emanuel A. Bertin,* with him *Pechner, Sacks, Dorfman, Rosen & Richardson,* for appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

Appellant contends that the court below erred in refusing to open the judgments confessed against appellant on three judgment notes, allegedly signed by appellant's husband without her authority.

In the early part of 1972, appellant's husband, Mark Mickman, signed both his name and that of appellant, Sylvia Mickman, to three judgment notes.[1] The appellees lent Mark Mickman $33,500, apparently for use in one or another of Mr. Mickman's businesses. The notes were given to secure those loans. On March 9, 1972, appellee Wolgin confessed judgment for $18,500 on the note dated January 19, 1972. Appellee Louise and Gilbert Cooper Foundation confessed judgment on April 20, 1972, for $10,000 on the note dated March 30, 1972. On August 8, 1972, a second judgment was entered in favor of appellee Sidney Wolgin in the amount of $5,000 on the note dated February 2, 1972. The appellant filed petitions to open all three judgments. On September 12, 1973, the three cases were consolidated for hearing and argument by stipulation of counsel and order of the lower court. Depositions were taken by both appellant and appellees. After oral argument, the lower court en banc entered an order, dated

---

1. In this Court, appellees have abandoned their earlier contention that Sylvia Mickman, rather than her husband, affixed her signature to the three notes.

June 20, 1974, denying the petitions to open judgment. This appeal followed.

In order to open a confessed judgment, a party must act promptly[2] and aver a meritorious defense. *Wenger v. Ziegler*, 424 Pa. 268, 226 A. 2d 653 (1967) ; *Cheltenham National Bank v. Snelling*, 230 Pa. Superior Ct. 498, 326 A. 2d 557 (1974). Appellant alleges that her husband had no authority to affix her signature to the notes. The only question at issue in this appeal, therefore, is whether the lower court properly determined that appellant failed to establish this defense. A petition to open a judgment by confession is an appeal to the discretion of the lower court. *Bucks County Bank & Trust Co. v. DeGroot*, 226 Pa. Superior Ct. 419, 313 A. 2d 357 (1973). Nevertheless, the lower court may be reversed for an abuse of that discretion. *Ritchey v. Mars*, 227 Pa. Superior Ct. 33, 324 A. 2d 513 (1974). Indeed, Pennsylvania appellate courts have often reversed lower courts which refused to open confessed judgments entered against wives who averred that their husbands had affixed their signatures to notes without their authority. *Funds for Business Growth, Inc. v. Maraldo*, 443 Pa. 281, 278 A. 2d 922 (1971) ; *Yank v. Eisenberg*, 408 Pa. 36, 182 A. 2d 505 (1962) ; *Ritchey v. Mars, supra.*

In a proceeding to open a confessed judgment, "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury the court *shall* open the judgment." Rule 2959(e), Pa. R.C.P., effective De-

---

2. On February 27, 1973, appellant moved to open the judgment of April 20, 1972, entered in favor of appellee Louise and Gilbert Cooper Foundation. Appellant explained this delay in filing by averring that she had received no notice of the action until January 4, 1973. On June 20 and 21, 1973, appellant moved to open the judgments of August 8, 1972, and March 9, 1972, entered in favor of appellee Wolgin. Appellant explained this delay in filing by averring that she had received no notice of either action until May 1, 1973. In any event, the question of promptness of filing has not been raised in this Court.

cember 1, 1973. (Emphasis supplied).[3] "Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to the jury." *Ritchey v. Mars,* supra, 227 Pa. Superior Ct. at 36, n. 4, 324 A. 2d at 515, n. 4. Therefore, in order to retain their confessed judgments, the appellees must demonstrate as a matter of law that appellant's signature on the three notes, affixed by her husband, was genuine and authorized, and not forged.[4]

The appellees produced no evidence that appellant either signed the notes or expressly authorized her husband to sign them for her. Appellees argue, however, that appellant had implicitly authorized her husband to sign her name on the notes because she had previously authorized him to sign her name on other documents.[5] Alternatively, appellees argue that if the husband's initial signature was without authority, it was subsequently ratified by appellant.

---

3. This amendment to the rule reflects a relaxing of the previous standard, which required that the petitioner " 'produce such evidence as would persuade the court that, upon submission of the issue to a jury, a *verdict in its favor* could be upheld.' " *Ritchey v. Mars,* supra, 227 Pa. Superior Ct. at 35-36, 324 A. 2d at 515, quoting *Yellow Cab Co. of Philadelphia v. Carpol Realty Co.,* 221 Pa. Superior Ct. 132, 136, 289 A. 2d 241 (1972). (Emphasis supplied.) "The modification of this rule may have been necessary in order for confessions of judgments to meet due process standards." *Ritchey v. Mars,* supra, 227 Pa. Superior Ct. at 36, n. 4, 324 A. 2d at 515, n. 4, citing *D. H. Overmyer Co., Inc. v. Frick Co.,* 405 U. S. 174, 92 S. Ct. 775, 784 (1972) (DOUGLAS, J., concurring).

4. "[W]here forgery is averred as the ground for opening a judgment it is the burden of the holder of the judgment to prove the genuineness of the signature or signatures . . ." *Yank v. Eisenberg,* supra, 408 Pa. at 40, 182 A. 2d at 508.

5. "[T]he mere existence of a marital relationship neither gives rise to a relationship of principal and agent nor the authority by one spouse to bind the other absent consent or ratification." *Ritchey v. Mars,* supra, 227 Pa. Superior Ct. at 37, 324 A. 2d at 515, citing *Sweitzer v. Evans,* 360 Pa. 552, 63 A. 2d 39 (1949).

"Where the authority of an agent is to be implied from the conduct of the parties, the fact and scope of agency are for the jury," *Biedenbach v. Teague*, 22 D. & C. 2d 588, 593 (C.P. Butler Co. 1960), aff'd per curiam on the opinion of the lower court, 194 Pa. Superior Ct. 245, 166 A. 2d 320 (1960), citing *Brock v. Real Estate Land Title and Trust Co.*, 318 Pa. 49, 178 A. 146 (1935). Here, appellees attempted to show that because appellant's husband had signed her name to some of their joint income tax returns in the past, and had signed her name to an earlier series of judgment notes, appellant had implicity authorized her husband to sign her name to the three judgment notes in question. Appellant, on the other hand, testified that she had in no way authorized her husband to affix her signature. Her husband refused to answer any questions about his authority to sign the notes or his possible forgery of her signature on the grounds that any answer might tend to incriminate him. It appeared that he had brought the notes to the lenders with his wife's signature affixed, and had represented it to be her genuine signature. Under the circumstances, the question of Mark Mickman's authority to sign appellant's name on the notes presents a question of fact which should be resolved by a jury.

The evidence of ratification presented by appellees is also equivocal. Appellees point to the fact that appellant apparently endorsed both her own name and her husband's name on one $2,000 check from appellee Wolgin, dated January 19, 1972, which was deposited in their joint bank account.[6] Nevertheless, as other testimony indicated that appellant's husband used funds from the joint bank account for his personal business purposes, the lower court could not infer as a matter of law that ap-

---

6. Checks representing the balance of the $33,500 in proceeds were given to business creditors of appellant's husband.

pellant received personal benefits from these checks.[7] Nor is there any clear evidence that appellant even knew that the check had been received in exchange for a judgment note.[8] Thus, appellees' evidence of ratification would at best present a jury issue.

Moreover, the only judgment note which could have been ratified by appellant's receipt of this check was the $18,500 note from appellee Wolgin of the same date. This judgment note allowed judgment to be entered "as of any term," that is, at any time, and was therefore non-negotiable under the Uniform Commercial Code, §3-112 (1) (d), 12 P.S. §3-112(1) (d), Act of April 6, 1953, P.L. 3, §3-112(1) (d), as reenacted and amended. *Smith v. Lenchner*, 204 Pa. Superior Ct. 500, 205 A. 2d 626 (1964). See also *Cheltenham National Bank v. Snelling*, supra. The Pennsylvania Supreme Court has held that, as a matter of public policy, a forged signature of a non-negotiable note cannot be ratified.[9] *Funds for Business Growth, Inc. v. Maraldo*, supra. Appellant has presented evidence on the basis of which a jury could find that appellant's husband had committed forgery by signing this note. Should a jury make such a finding, appellant would prevail despite appellees' evidence of ratification.

The judgment holders have not proved as a matter of law that appellant's signature on the judgment notes was authorized. Nor have they proved as a matter of law that the signature, although unauthorized, was subsequently

---

7. Nor is the mere receipt of benefits by the wife sufficient to amount to a ratification of the husband's unauthorized signature, *Roman Mosaic & Tile Co., Inc. v. Vollrath*, 226 Pa. Superior Ct. 215, 313 A. 2d 305 (1973).

8. "[R]atification can only have taken place if the [parties] were in possession of all the material facts and if they acted with such knowledge." *McRoberts v. Phelps*, 391 Pa. 591, 605, 138 A. 2d 439, 446 (1958).

9. Compare the Uniform Commercial Code, supra, §3-404(2), which allows a forged signature on a negotiable instrument to be ratified.

ratified by appellant. Therefore, the judgments should be opened and appellant allowed to present a defense.[10]

The order of the court below is reversed and the case remanded for further proceedings consistent with this opinion.

VAN DER VOORT, J., did not participate in the consideration or decision of this case.

---

10. Appellant also contends that the Affidavits of Debtor's Waiver of Rights filed by appellees in order to show compliance with *Swarb v. Lennox*, 405 U. S. 191 (1972), were defective. Nevertheless, appellant failed to raise this issue in its petitions to open judgment, and that defense was therefore waived. Rule 2959(c), Pa. R.C.P. See *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A. 2d 114 (1974).