## Courshon v. U.S. Heritage, Inc.

*Norman R. Bradley* and *S. M. Raffensperger,* for plaintiff.

*Oscar F. Spicer,* for defendant.

MacPHAIL, *P.J.,* August 13, 1975.—On December 23, 1974, plaintiff confessed judgment against defendant in the sum of $1,222,086.36 under the terms of a complicated "Construction and/or Development Loan Agreement" for the construction of a new Holiday Inn complex at Gettysburg, Pa. In the complaint (paragraph 16) plaintiff alleges that defendant's default consisted of (1) failing to pay arrears of interest due October 1, 1974, (2) failing to pay interest due on October 1, 1974, and (3) failing to pay interest installments due subsequent to October 1, 1974. Defendant filed a timely petition to strike and/or open the judg-

ment. We will deny the petition to strike but sustain the petition to open.

## MOTION TO STRIKE

It is well established in Pennsylvania that a judgment will not be stricken unless there are fatal defects apparent on the face thereof without resort to matters dehors the record. Malakoff v. Zambar, Inc., 446 Pa., 503, 288 A.2d 819 (1972). Defendant alleges four reasons why the judgment should be stricken: (a) the judgment was taken for nonpayment of interest, whereas there had been no default in interest payments (a matter which can be resolved only by evidence dehors the record); (b) the amount alleged to be due was not "itemized" as required by Pa. R.C.P. 2952(f) (in the absence of case or textbook authority which clearly states that itemization includes any more than a breakdown of principal, interest and attorney's fees, this Court is not prepared to venture beyond those traditional requirements in a case of such magnitude as the present one); (c) the amount of the judgment is excessive (again a matter clearly for evidentiary proof), and (d) the judgment is violative of the constitutional protection afforded defendant under Overmyer Co., Inc.,v. Frick Co., 405 U.S. 174, 92 S.Ct. 775, 31 L. Ed. 2d 124 (1972), and Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L. Ed. 2d 138 (1972). While the day may not be too far in the future when cognovit clauses will be eliminated altogether by the courts, it is apparent that even the United States Supreme Court was careful not to extend its decisions in the Overmyer and Swarb cases, supra, beyond the narrow factual situations presented to that court and it is quite apparent that the facts of this case do not

come within the ambit of those in either Overmyer or Swarb.

## PETITION TO OPEN

Were this case to have been presented to us prior to December 1, 1973, it would have presented considerably more difficulty. However, on that date a significant amendment to Pa. R. C. P. 2959(e) became effective. The language which was added to that rule reads as follows: "If evidence is produced which in a jury trial would require the issues to be submitted to the jury the Court *shall* open the judgment" (emphasis ours). In Ritchey v. Mars, 227 Pa. Superior Ct. 33, 34, 324 A.2d 513 (1974) (at footnote 4), the Court said: "Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to *allow* the issue to go to the jury. The modification of this rule may have been necessary in order for confessions of judgments to meet due process standards." (Emphasis ours.) In Wolgin v. Mickman, 233 Pa. Superior Ct. 218 (1975), 335 A.2d 824, the court said that the amendatory language reflects a relaxing of the previous standard (which required that the petitioner produce such evidence as would persuade the court that, upon submission of the issues to the jury, a verdict in petitioner's favor *would* be upheld) to the extent that now all petitioner must present is sufficient evidence to warrant submitting the issue to the jury. By the same reasoning, the court concluded that the judgment holder must prove his claim *as a matter of law*. To put it another way, prior to December 1, 1973, petitioner's evidence in a petition to open a judgment had to be such as to convince the court that a jury *would* find in petitioner's favor; now, it is sufficient if the court finds that a jury *could* find in petitioner's favor.

In the instant case, the alleged default is in the nonpayment of interest. It appears from the record that defendant, pursuant to the terms of the agreement, deposited $100,000 in a savings account to the use of plaintiff. Plaintiff contends the deposit was for a very restricted purpose. Defendant contends (and it is supported in the record by some documentation from plaintiff) that the deposit was for the unrestricted use of the plaintiff and could well have been used to meet the interest payments. (The judgment includes interest of $74,579.30.)

From the documentation which is a part of the record, it also appears that $375,000 from the loan commitment was set aside for the payment of interest. Defendant contends that less than $100,000 of that money was used and therefore there could be no default in interest payments. Plaintiff says that argument is absurd because there was another default on defendant's part which precipitated the confession of judgment. That default is that defendant failed to come forward with "front money" as it was obligated to do by the terms of the agreement. However, the fatal flaw in plaintiff's contention is that in his complaint he cites only the nonpayment of interest as the default. Therefore, whether or not there was a default on the deposit of "front money," is not before us in the present posture of the case.

Thus, we conclude that there is sufficient evidence to warrant submitting to the jury the issue of whether or not there was a default.

## ORDER

And now, August 13, 1975, defendant's motion to strike off the judgment is refused. Defendant's motion to open the judgment is granted.