Greenwood *v.* Kadoich, Appellant.

Argued December 10, 1975. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*William G. Ross,* with him *Sigmon, Littner & Ross,* for appellant.

*Donald L. VanGilder,* with him *Henry S. Perkin, Frederick N. Nabhan,* and *Nabhan & Nabhan,* for appellee.

OPINION BY JACOBS, J., March 29, 1976:

This is an appeal from an order of the Court of Common Pleas of Lehigh County denying defendant-appellant's petition to open a judgment entered by confession. We reverse the order of the court below.

Appellant Ruth K. Kadoich, a/k/a Ruth K. Ritz, defendant below, entered into a written agreement on April 8, 1970 with appellee Elizabeth J. Greenwood, t/a House of Charm Schools. The agreement provided authorization for appellant to operate appellee's modeling and finishing school. Appellant thereafter operated the school, until September, 1973. A judgment note in the amount of $10,000.00 was executed as a part of the transaction providing for transfer of the school, and appellant defaulted thereon. On November 7, 1973, a confessed judgment was entered on the note. On December 24, 1973, appellant petitioned to open the confessed judgment, alleging that the transaction upon which the note was based was permeated by fraud and misrepresentation.

In order to open a confessed judgment, the judgment debtor must act promptly and produce evidence in support of a meritorious defense. *Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967); *Wolgin v. Mickman,* 233 Pa. Superior Ct. 218, 335 A.2d 824 (1975); *Ritchey v. Mars,* 227 Pa. Superior Ct. 33, 324 A.2d 513 (1974); *Cheltenham Nat'l. Bank v. Snelling,* 230 Pa. Superior Ct. 498, 326

A.2d 557, *cert. denied,* 421 U.S. 965 (1974). *See also, Joseph A. Puleo & Sons, Inc. v. Rossi,* 234 Pa. Superior Ct. 612, 340 A.2d 557 (1975). Prior to the adoption of Pa.R.C.P. 2959(e) the evidence which the judgment debtor had to produce in support of his meritorious defense was such evidence as would persuade the court that, upon submission to a jury, a verdict in his favor could be upheld. *See, Wolgin v. Mickman,* supra at 222 n.3, 335 A.2d at 826 n.3. However, Rule 2959(e), effective December 1, 1973, provides that a judgment by confession shall now be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require the issues to be submitted to a jury. "Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to the jury [cit. omitted]." *Wolgin v. Mickman,* supra at 222, 335 A.2d at 826. Otherwise stated, the judgment should be opened where the evidence produced would be sufficient to " 'prevent a directed verdict against [her]' D.H. Over-myer Co., Inc. v. Frick Co., 405 U.S. 174, 190, 92 S. Ct. 775, 784 (1972) (DOUGLAS, J., Concurring). See also Ritchey v. Mars, supra, at 36, n.4, 324 A.2d at 515, n.4." *Joseph A. Puleo & Sons, Inc. v. Rossi,* supra at 616, 340 A.2d at 558.

The defense advanced here was fraud. Whether fraud has been committed is a question of fact which is always a jury question. *See, Highmont Music Corp. v. J.M. Hoffman Co.,* 397 Pa. 345, 155 A.2d 363 (1959); *Davis v. Carbon County,* 369 Pa. 322, 85 A.2d 862 (1952); *Berardini v. Kay,* 326 Pa. 481, 192 A. 882 (1937); *Edelstein v. Carole House Apartments, Inc.,* 220 Pa. Superior Ct. 298, 286 A.2d 658, *allocatur refused,* 220 Pa. Superior Ct. *xxxviii* (1971). However, although the question of the existence of fraud is a jury question, evidence of fraud must be clear and convincing, *Bucks County Bank & Trust Co. v. DeGroot,* 226 Pa. Superior Ct. 419, 423, 313 A.2d 357 (1973); *Edelstein v. Carole*

*House Apartments, Inc.*, supra; *Gerfin v. Colonial Smelting & Refining Co., Inc.*, 374 Pa. 66, 97 A.2d 71 (1953); and whether the evidence of fraud meets the required standard which justifies its submission to the jury is always a question of law for the court. *Gerfin v. Colonial Smelting & Refining Co., Inc.*, supra; *see, Edelstein v. Carole House Apartments, Inc.*, supra; *Berardini v. Kay*, supra.

The issue presented here is thus whether appellant's evidence of fraud and misrepresentation was sufficiently clear and convincing, as a matter of law, to prevent a directed verdict against her. Since the standard of sufficiency here is that employed on consideration of a directed verdict, the facts must be viewed in the light most favorable to appellant and we must accept as true all evidence and proper inferences therefrom supporting her defense of fraud and must reject the adverse allegations of appellee. *See, Austin v. Harnish*, 227 Pa. Superior Ct. 199, 323 A.2d 871 (1974); *Cox v. Equitable Gas Co.*, 227 Pa. Superior Ct. 153, 324 A.2d 516 (1974); *Continental Supermarket Food Service, Inc. v. Soboski*, 210 Pa. Superior Ct. 304, 232 A.2d 216 (1967).

It has been said that fraud may induce a person to assent to something which he would not otherwise have done, or it may induce him to believe that the act which he does is something other than it actually is. 12 Williston on Contracts, §1488 (3d ed. 1970). *See generally, Myers v. Rubin*, 399 Pa. 363, 160 A.2d 559 (1960); *Bower v. Fenn*, 90 Pa. 359, 35 Am. R. 662 (1879); *Edelstein v. Carole House Apartments, Inc.*, supra; *Equitable Credit & Discount Co. v. Moreno*, 204 Pa. Superior Ct. 111, 203 A.2d 331 (1964); *Clement Martin, Inc. v. Gussey*, 191 Pa. Superior Ct. 464, 157 A.2d 412 (1959). Appellant's petition to open alleged fraud in both of the above contexts. She claimed that she thought the agreement she signed was for a sale of the business rather than for a franchise of it and that she was induced to enter the agreement because of misrepresentations made by

appellee concerning the gross receipts of the business during years prior to the sale.

The court below determined that appellant's evidence of fraud was not sufficient to submit to a jury, concluding that there was no issue of fraud or misrepresentation presented by the record.[1] In so holding, however, the lower court only considered appellant's claim that she thought she was entering an agreement of sale. The lower court was correct in holding that there was not sufficient evidence to support *that* claim. Neither the averments of appellant's petition nor her deposition reveal facts which, if accepted as true, would be sufficient to require submission of that issue to a jury. At best her allegations on that point establish unilateral mistake, providing no basis for relief on these facts. *See, McFadden v. American Oil Co.*, 215 Pa. Superior Ct. 44, 257 A.2d 283 (1969). However, we cannot agree that *no* issue of fraud was presented in this case, since appellant's evidence *was* sufficient to show that she was induced to enter the agreement on the basis of alleged misrepresentations of gross receipts for previous years, based on the record.

Fraud is the misrepresentation of a material fact on which the other party relies to his injury. *Cooper v.*

---

1. The opinion of the court below holds that there was nothing to be submitted to the jury and notes that "[i]n coming to this conclusion, we are not unmindful of the Parole Evidence Rule which, in our opinion, could very well prohibit all of the petitioner's testimony in support of her allegations." This conclusion is based on an erroneous assumption. It is well-settled that the parol evidence rule does not prohibit testimony introduced to show fraud or misrepresentation. *Nadolny v. Scoratow*, 412 Pa. 488, 195 A.2d 87 (1963); *Berger v. Pittsburgh Auto Equip. Co.*, 387 Pa. 61, 127 A.2d 334 (1956). Moreover, appellant's oral evidence of fraud may not even be subject to the parol evidence rule, since its purpose was "... not to alter or vary the terms of the written instrument, but to strike the writing down just as though it had never been in existence." *LaCourse v. Kiesel*, 366 Pa. 385, 390, 77 A.2d 877, 880 (1951). *See, Myers v. Rubin*, 399 Pa. 363, 160 A.2d 559 (1960).

*Gasteiger*, 278 Pa. 544, 123 A. 500 (1924); *Edelstein v. Carole House Apartments, Inc.*, supra. Where a party is induced to enter into a transaction by means of fraud or material misrepresentation, such a transaction can be avoided by the innocent party. *Clement Martin, Inc. v. Gussey*, supra. A misrepresentation is material when it is of such a character that if it had not been made, the transaction would not have been entered into. *Id.*

Viewing the petition, answer and depositions most favorably to appellant, it is apparent that her allegations clearly establish sufficient evidence of fraud to present a jury question. Appellant's claim is that appellee misrepresented to her that the business being transferred had grossed between thirty and thirty-five thousand dollars when it had in fact never grossed more than twenty-eight thousand dollars, according to appellee's own admission. The misrepresentation was made, according to appellant's evidence, both before and after the transaction. It is apparent that the misrepresentation was, in fact, untrue. Additionally, since appellee had the books of the business it is also clear that she should have known or knew that the representation was untrue; and, appellant claims she relied upon the misrepresentation and that she was induced to enter the contract thereby. Moreover, since appellant paid $5,000.00, signed a note for $10,000.00 and agreed to pay 10 per cent of the gross receipts per annum, the misrepresentation obviously affected the consideration and must be deemed material. Although a jury may or may not choose to believe appellant's version of what occurred, an issue of fact is presented by appellant's case which was sufficient for consideration by a jury.

Order reversed.