368 A.2d 805

**John and Elizabeth FOERST, Appellees,**

v.

**Herbert and Anna ROTKIS, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1976.

Decided Dec. 15, 1976.

448

Edward Benoff, Philadelphia, for appellants.

Mark A. Corchin, Blue Bell, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from the refusal of the lower court to open a judgment confessed against the appellants Herbert and Anna Rotkis on March 19, 1974, in the amount of $23,390.77. This judgment arose out of an agreement of sale dated April 8, 1970 in which the Foersts agreed to sell to the Rotkises a delicatessen business situated at 123 South Bellevue Avenue, Langhorne, Pennsylvania. This agreement of sale contained a restrictive covenant wherein the sellers agreed that they would not engage in a similar business within a distance of one (1) mile from the purchased premises for a period of five (5) years. Settlement took place on July 1, 1970 at which time a security agreement containing a cognovit clause was signed. Thereafter the Rotkises took possession of the premises and carried on business until November, 1973 when due to a combination of factors the business became unprofitable. In their petition to open judgment the appellants allege that one of these factors was the establishment of a similar business by the sellers, in violation of the restrictive covenant, at 77 Bellevue Avenue, Penndale, Pennsylvania. Depositions were taken and on this issue the testimony of the parties revealed that the fact as to whether the restaurant opened by the Foersts was within the limits prescribed by the restrictive covenant was a matter in controversy. Mr. Rotkis testified that he had checked the distance on the odometer of his car and found the distance between his delicatessen and the new establishment of the appellants to be between 7/10 and 9/10 of a mile.[1] Mr. Foerst testified that he had checked the distance prior to the opening of his new store with a state police car which was "99% accurate" and found the distance to be between 1 3/10 and 1 1/2 miles.[2] President

---

1. Mr. Rotkis did testify that he could not vouch for the accuracy of his odometer but did indicate that the car he was driving was a 1972 Oldsmobile.

2. The mileage figures were not definite because of the difficulty to proceed in a straight line from one restaurant to the other.

Judge MONROE concluded that the text of the testimony proffered by Mr. Rotkis constituted only a guess and would provide a jury with information upon which they could only speculate and therefore denied the appellants' petition to open. We disagree and reverse the lower court.

It is axiomatic that one who petitions to open a confessed judgment must act promptly and aver a meritorious defense. *Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967); *Walnut-Juniper Co. v. McKee, Berger & Mansueto, Inc.*, 236 Pa.Super. 1, 344 A.2d 549 (1975); *Cheltenham Nat. Bank v. Snelling*, 230 Pa.Super. 498, 326 A.2d 557 (1974); *Ritchey v. Mars*, 227 Pa.Super. 33, 324 A.2d 513 (1974). And it is equally true that such a petition is an appeal to the court's equitable powers, is addressed to the sound discretion of the court, and a reviewing court will reverse the determination of the lower court only for a clear and manifest abuse of discretion. *Triangle Building Supplies and Lumber Co. v. Zerman*, 242 Pa.Super. 315, 363 A.2d 1287 (Jacobs, J., filed 9/27/76); *Cheltenham Nat. Bank v. Snelling*, supra; *Bucks County Bank & Trust Co. v. DeGroot*, 226 Pa.Super. 419, 313 A.2d 357 (1973). It is admitted that appellants acted promptly [3] and after a review of the record we believe they advanced sufficient evidence of a meritorious defense to the confessed judgment and therefore conclude that the lower court abused its discretion in holding to the contrary.

Pa.R.C.P. 2959(e) states in part: "If evidence is produced which in a jury trial would require the issues

This was apparently due to the construction of a super highway over Bellevue Avenue which created a large curve in the road. Each party therefore attempted to subtract the distance travelled on the curve. This fact alone, seriously places in doubt both parties, measurements as to the distance and further supports the requirement that this question be submitted to a jury at trial.

3. The petition to open judgment was filed on April 11, 1974, some 23 days after the Foersts filed their complaint in confession of judgment.

to be submitted to the jury the court shall open the judgment." In view of the 1973 amendment [4] to this section a judgment by confession shall now be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require the issues to be submitted to a jury. *Greenwood v. Kadoich*, 239 Pa.Super. 372, 357 A.2d 604 (1976):

> "[T]he standard of sufficiency here is that employed on consideration of a directed verdict, the facts must be viewed in the light most favorable to appellant and we must accept as true all evidence and proper inferences therefrom supporting her defense . . . and must reject the adverse allegations of appellee." *Id.* at 376, 357 A.2d at 606.

Under the rationale of the most recent cases handed down by our court after the 1973 amendment, *see, Greenwood v. Kadoich*, supra; *Joseph A. Puleo & Sons, Inc. v. Rossi*, 234 Pa.Super. 612, 340 A.2d 557 (1975); *Wolgin v. Mickman*, 233 Pa.Super. 218, 335 A.2d 824 (1975); *Ritchey v. Mars*, 227 Pa.Super. 33, 324 A.2d 513 (1974) it is clear that the appellants offered sufficient evidence to sustain the opening of the confessed judgment. If the appellants' statement as to the distance between their and the appellees' restaurant is accepted as true by a jury then a valid and complete defense to the judgment would have been advanced. The matter is in controversy. The appellants have stated that the distance was less than a mile, the appellees testified that the distance was

4. The 1973 amendment to the rule reflected a relaxation of the prior standard which required that the petitioner "produce such evidence as would persuade the court that, upon submission of the issues to a jury, *a verdict on its favor* would be upheld." *Ritchey v. Mars*, supra, 227 Pa.Super. at 35–36, 324 A.2d at 515, quoting *Yellow Cab Co. of Phila. v. Carpol Realty Co.*, 221 Pa.Super. 132, 136, 289 A.2d 241, 244 (1972) (emphasis added). The modification of this rule may have been necessary in order for confession of judgments to meet due process standards. *Ritchey v. Mars*, supra, 227 Pa.Super. at 36 n. 4, 324 A.2d at 515 n. 4 *citing D. H. Overmyer, Inc. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) (DOUGLAS, J., concurring).

**452**

greater than a mile. While it is true that the appellees' measurement might be considered more accurate through the use of a state police car, that is for the jury to decide, not the court. The function of our court is not to *weigh* the evidence in support of the defense, but merely to determine whether there was sufficient evidence to go to the jury. *Wolgin v. Mickman,* 233 Pa.Super. 218, 222, 335 A.2d 824, 826 (1975) citing *Ritchey v. Mars,* 227 Pa.Super. 33, 36 n. 4, 324 A.2d 513, 515 n. 4 (1974). It is obvious that the appellants' testimony, even though contradicted by the appellee, when viewed under the above standards, poses a jury question and would be sufficient to prevent a directed verdict against them. They have met the standard contained in Rule 2959(e) and the lower court should have granted their petition to open the confessed judgment.

The order of the lower court is reversed and the case is remanded with instructions to open the confessed judgment and proceed to trial under Pa.R.C.P. 2960.

PRICE and VAN der VOORT, JJ., dissent.