## McCormick v. Yorktowne Mutual Insurance Co.

*Eleanor I. McCormick,* pro se.
*Marvin Luxenburg,* for defendant.

SALMON, *S.J.,* HENDERSON, *S.J., Specially Presiding*, April 1, 1980—Presently before the court are (1) preliminary objections filed by defendants William P. Graham (hereafter Graham) and the Curley Adjustment Bureau, Inc., (hereafter Curley) to plaintiff's amended complaint; (2) Graham and Curley's Motion for summary judgment; and (3) additional defendant Yorktowne Mutual Insurance Company's (hereafter Yorktowne), motion for summary judgment. Because of our disposition of the preliminary objections, we have no need to consider the other matters.

On January 26, 1978 a house owned by plaintiff and insured by Yorktowne suffered roof damage in a windstorm. When a disagreement arose as to the amount of the loss, plaintiff filed her complaint initiating this action. Count I of the complaint was in the form of an assumpsit action and sought to recover $1,020, the sum allegedly due for the damage, from Yorktowne. Count II, in trespass, sought damages for pain and suffering, mental anguish and distress from not only Yorktowne, but also from Curley and Graham who acted as adjusters for Yorktowne. The complaint alleged these damages arose due to defendants' improper and "fraudulent" withholding of settlement. Yorktowne filed an answer and new matter, raising a mandatory appraisal clause in the contract as a defense, as well as a motion for summary judgment. Graham and Curley filed preliminary objections in the nature of a demurrer to Count II.

By an order and opinion of then President Judge Henderson dated January 9, 1979, this court ordered plaintiff and Yorktowne to proceed under the appraisal clause and gave plaintiff 20 days in which to amend her complaint to state a valid action against Graham and Curley. Plaintiff then filed an amended complaint, alleging an improper and unreasonable claims investigation as well as a broad allegation of fraud. Graham and Curley again filed preliminary objections in the nature of a demurrer and a motion to strike.

Meanwhile, plaintiff and Yorktowne complied with the appraisal provisions of the policy and negotiated a settlement of all claims against Yorktowne for $325. Subsequently, plaintiff and Yorktowne received court approval of a stipulation and settlement in this amount. Graham and Curley thereupon moved to join Yorktowne as an additional defendant. This motion was granted on November 28, 1979. All defendants then moved for summary judgment based on the release signed by plaintiff as part of the settlement.

After considering the matters presently before us, we must agree with defendants Curley and Graham that Count II fails to state a cause of action. We recognize that a number of jurisdictions have held that where the insurer unreasonably refuses to pay a claim, tort liability may result for breach of the insurer's duty of good faith. See Silberg v. California Life Ins. Co., 11 Cal. 3d 452, 113 Cal. Rptr. 711, 521 P. 2d 1103 (1974); Escambia Treating Co. v. Aetna Cas. & Sur. Co., 421 F. Supp. 1367 (N.D. Fla. 1976). See also Judge Spaeth's dissent in D'Ambrosio v. Pennsylvania Nat. Mut. Cas. Ins. Co., 262 Pa. Superior Ct. 331, 334, 396 A. 2d 780 (1978). However, Pennsylvania has apparently not accepted this view. Most recently, in D'Ambrosio,

supra, the Superior Court, in an equally divided opinion, affirmed a lower court ruling granting the demurrer of an insurer with respect to damages for mental distress arising out of the denial of an insurance claim. In so holding, the court stated, 262 Pa. Superior Ct. at 333, 396 A. 2d at 781:

"Pennsylvania courts have recognized mental distress or emotional distress without physical injury or impact, but in very narrow and clear factual situations and never in a simple breach of contract situation."

This characterization of the action as sounding in assumpsit rather than trespass is in agreement with both Diamon v. Penn Mut. Fire Ins. Co., 247 Pa. Superior Ct. 534, 372 A. 2d 1218 (1977), and Gray v. Nationwide Mut. Ins. Co., 422 Pa. 500, 223 A. 2d 8 (1966). Both of these cases clearly establish that an insurer's duty of good faith and due care in investigating the insured's claim is an express condition of the contract. As the court stated in Gray, supra, 422 Pa. at 508, 223 A. 2d at 11: "We believe that this recent case law, employing contractual terms for the obligation of the insurer to represent in good faith the rights of the insured, indicates that a breach of such an obligation constitutes a breach of the insurance contract *for which an action of assumpsit will lie*." (Emphasis supplied.)

Thus, if plaintiff does state a cause of action for breach of the duty of good faith investigation, the action sounds in assumpsit. Since plaintiff established a contract only with Yorktowne, not with the adjusters (Graham and Curley), it is impossible for the adjusters to be liable for breach of contract to the insured: Hudock v. Donegal Mutual Ins. Co., 438 Pa. 272, 264 A. 2d 668 (1970). The proper defendant in such a claim is the insurer alone. How-

ever, plaintiff here has released the insurer from all claims and therefore may not pursue this cause of action.

We note, as did the court in Hudock, that the adjusters, under the proper circumstances, could be liable for inducing a breach of contract. However, this does not appear applicable here. An explanation of the tort of intentional interference with the performance of a contract by a third person is provided in Restatement, 2d, Torts, § 766. Under section 766, one incurs liability "by inducing or otherwise causing the third person not to perform the contract." Plaintiff here has not pled any improper inducement on the part of Graham or Curley, nor has she averred that they in any other way prevented Yorktowne's performance. Morever, plaintiff has specifically pled a "conspiracy" between Graham, Curley and Yorktowne to delay and withhold settlement. Thus, it is clear that she does not contend that Graham or Curley misled or misdirected Yorktowne's performance. Where there are no averments either of actions constituting improper interference or causation of a breach, a cause of action is not stated under section 766.

Related to this are plaintiff's allegations concerning Graham's "intimidation" of her original appraisers. There are facts alleged in the complaint which could establish interference. However, plaintiff has pled neither a contract relationship with the appraisers nor any damages arising from the interference. Rather, these actions appear to have been alleged purely to show defendants' improper conduct in conducting their investigation.

Finally, it is obvious that plaintiff has not pled facts upon which a cause of action for fraud may be based. Fraud is the misrepresentation of a material fact on which the other party relies to his injury:

Greenwood v. Kadoich, 239 Pa. Superior Ct. 372, 357 A. 2d 604 (1976); 16 P.L.E., Fraud §2. Nothing in the complaint even approaches allegations sufficient to state a cause of action under this standard.

We are aware that plaintiff in this case is proceeding pro se and therefore seek to extend to her all possible opportunities to present her claim. However, even though plaintiff has been allowed to amend her complaint in this case, she has pled no facts which would provide a basis for the claim of fraud. Further, it appears that even if plaintiff were permitted to again amend her complaint it would be impossible for her to allege such facts. We therefore sustain defendants' demurrer and dismiss the amended complaint.

## ORDER

And now, April 1, 1980, for reasons set forth in the opinion herewith, the demurrer of William P. Graham and the Curley Adjustment Bureau, Inc., is sustained and the amended complaint is dismissed.