434 A.2d 1269

**Perle CORSON, Appellant,**

v.

**CORSON'S, INC. and Continental Bank.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Sept. 11, 1981.

■■■■■■

■■■■■■

Malcolm H. Waldron, Jr., Philadelphia, for appellant.

E. Harris Baum, Philadelphia, for Corson's, appellee.

Arthur S. Salus, Philadelphia, for Continental, appellee.

Before SPAETH, BROSKY and HOFFMAN, JJ.

BROSKY, Judge:

Perle Corson has appealed from the order entered by the court below opening the judgment by confession obtained by her against appellee in the amount of $4,200. The matter was heard on the petition to open judgment, appellant's answer and new matter, and appellee's reply to new matter. No depositions were taken. The central issue for our determination is whether the court below abused its discretion in opening the judgment. The court opened the judgment on the ground that appellee had produced sufficient evidence to justify submission of the case to a jury. We reverse.

Appellant argues that the lower court erred in opening the judgment on two grounds: first, that it should not have considered the matter on the basis of the pleadings alone because they contained disputed issues of fact and thus appellee should have, but did not, support its petition by depositions pursuant to Pa.R.C.P. 209; and second, that appellee's petition does not show a meritorious defense.

The facts are as follows. Appellee leased premises from appellant for a monthly rental of $4,000, under a written lease.[1]

1. The lease originally specified a monthly rental of $2,500, which was subsequently modified by written agreement to provide for rental of $4,000. Therefore, as of the time the complaint in confession of judgment was filed, the monthly rental was $4,000.

By letter dated February 23, 1979, appellee exercised its right to terminate the lease as of March 31, 1979.[2] In the letter, counsel for appellee also stated:

In addition, Pennamco is holding in escrow taxes in the amount of $5,059.09. We are authorizing them to forward to you a check in the amount of $4,000 from this escrow account to be used as payment for the last month's rental and are requesting them to return the amount of $1,059.09.

Appellant did not reply to the proposal set forth in the letter with regard to payment of March's rental from the escrowed tax funds, and on March 2, 1979, brought suit to confess judgment for the amount of March's rent.

In her answer to petition to open judgment, appellant asserted that "payment of any tax liability under the lease is mutually exclusive of payment of the rent," and that Paragraph 6(b) of the lease "commits the lessee to pay 'in addition to the minimum rental' taxes assessed which are 'in excess of and over and above those assessed or imposed' at the time of making the lease." The answer also averred that appellee "has attempted to set off the tax escrow funds for the monthly rental contrary to the terms of the lease."

Paragraph 6 of the lease obligates appellee-lessee to pay as rent in addition to the monthly minimum rental any damages to the premises caused by lessee's neglect; all increases in fire insurance premiums; all charges for water in excess of the yearly minimum meter charge; and all sewer rental charges.

As to taxes, paragraph 30 of the lease provides:

Notwithstanding anything to the contrary contained herein, it is agreed and understood that Lessee will pay when due, all real estate taxes, all water and sewer rents, and all insurance premiums on the within demised premises, *in addition to the monthly rentals hereinabove stated,* so that

**2.** The written modification to the original lease also provided that either party could terminate the monthly term upon sending of notice by certified mail not less than thirty days prior to the expiration of the said term.

the yearly rental paid to the Lessor shall be net to the Lessor.

(Emphasis added.)

This clause clearly indicates that the sums paid by the lessee for taxes are in addition to the monthly rental owed. Further, upon examination of the lease, we can find nothing which authorizes appellee to have the funds escrowed for taxes used to pay the monthly rental.

The same holds true with respect to the sums which appellee agrees to pay for damages, increases in insurance premiums, and water and sewage. In the absence of such authorization, appellee could not demand that the funds contained in the tax escrow account be applied toward March's rental payment. In addition, the February 23 letter setting forth such a proposal cannot be deemed to be a modification of the lease contract. It is fundamental that a contract be modified only by the assent of both parties, and only if the modification is founded upon valid consideration. *Wilcox v. Regester*, 417 Pa. 475, 207 A.2d 817 (1965). The letter here was merely a proposal by appellee, which was neither replied to nor accepted by appellant. Nor was any new consideration offered by appellee in connection with its proposal. In the absence of these requirements, we hold that there was no modification of the lease allowing appellee the right to use the escrowed tax funds to pay March's rent and that the lease does not permit appellee to do so.

We address appellant's first contention that the lower court should not have opened the judgment on the basis of the pleadings alone, without depositions, and that to do so violated Pa.R.C.P. 209. At the outset, we note that Rule 209 is permissive rather than mandatory. It gives the moving party the right to take depositions in support of his position, if issues of fact are present, within fifteen days after the filing and service of the answer. If the moving party does not take depositions on disputed issues of fact, he admits all averments of fact responsive to the petition which are properly pleaded in the answer. *McEvilly v. Tucci*, 239 Pa.Super. 474, 481, 362 A.2d 259, 263 (1976). If this right is

not exercised, then the issue is ripe for argument and decision *upon the pleadings alone.*[3] *Walnut–Juniper Company v. McKee, Berger & Mansueto, Ind.*, 236 Pa.Super. 1, 7, 344 A.2d 549, 552 (1975). (Emphasis added.)

■ We find that the court below did not act improperly in deciding the case upon the pleadings alone. Although depositions may have aided the court, appellee's decision not to take them cannot be viewed here as being fatal to its position, since the Rule gives the choice of either taking depositions or of ordering the cause for argument on the pleadings alone.

■ We now turn to appellant's second contention, that a meritorious defense has not been shown by appellee. It is axiomatic that to open confessed judgment, the judgment debtor must act promptly and produce evidence in support of a meritorious defense. *Greenwood v. Kadoich*, 239 Pa.Super. 372, 357 A.2d 604 (1976). Prior to the amendment of Pa.R.C.P. 2959(e), effective December 1, 1973, the debtor had to produce evidence of a nature that would persuade the court that upon submission to a jury a verdict in his favor could be upheld. See *Ritchey v. Mars*, 227 Pa.Super. 33, 324 A.2d 513 (1974). Pa.R.C.P. 2959(e) now provides that "if evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court shall open the judgment." "Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go the the jury." *Wolgin v. Mickman*, 233 Pa.Super. 218, 221–222, 335 A.2d 824, 826 (1976). "Otherwise stated, the judgment should be opened where the evidence produced would be sufficient to prevent a directed verdict against [appellee]." *Greenwood v. Kadoich*, supra, 239 Pa.Super. at 375, 357 A.2d 606.

**3.** In this regard, we note that Corson's Inc. filed a praecipe with the lower court to have the case heard on the basis of the pleadings alone, in accordance with Pa.R.C.P. 209; otherwise the case would not have been ripe for decision by our court. See *Shainline v. Alberti Builders*, 266 Pa.Super. 129, 403 A.2d 577 (1979).

The issue for our determination, therefore, is whether appellee has produced evidence sufficient to prevent a directed verdict from being granted against it.

■ Generally, where factual questions are presented, a directed verdict cannot be granted. See *Austin v. Harnish*, 227 Pa.Super. 199, 323 A.2d 871 (1973). Here, the lower court found the issue to be the amount of rent due for the month of March, 1979 which on the surface would appear to be a question of fact. However, the issue raised by appellee's petition is whether appellee is entitled either to a refund from the tax escrow account or to a credit against March's rent, a question of law. Where the sole question is as to the application of the law to the facts or as to the legal effect of the facts, the case is a proper one for a directed verdict. 6 Pennsylvania Standard Practice 316.

■ We hold that, viewing the petition and answer in a light most favorable to appellee,[4] appellee has not produced evidence sufficient to prevent a directed verdict against it. Appellee has not set forth a meritorious defense here. A defense is that which diminishes the plaintiff's cause of action or defeats recovery by the plaintiff.

Corson's, Inc., is asserting only that it is entitled to either a refund or to a credit against the rent. It is not asserting that it does not owe Perle Corson rent for March, 1979, or that it has already paid the rent owed for that month, which would be a meritorious defense. Appellee has cited no law in support of its position that it is entitled to have escrowed funds used to pay the monthly rental, and we know of no legal principle giving it the right to do so. Nor does anything in the lease, the governing instrument, give appellee the right to do so. Since the standard to be applied here in determining whether or not the judgment should be opened is whether appellee's evidence would be sufficient to prevent a directed verdict against it and whether it poses a question which justifies submission of the case to a jury, we

4. See *Continental Supermarket Food Service, Inc. v. Soboski*, 210 Pa.Super. 304, 232 A.2d 216 (1967).

hold that the court below abused its discretion in opening the judgment. "[I]f in reaching a conclusion, the law is overridden or misapplied . . . discretion is abused." *Adelman v. John McShain, Inc.*, 148 Pa.Super. 138, 24 A.2d 703 (1942).

By reason of the foregoing, the order of the lower court is reversed.

SPAETH and HOFFMAN, JJ., concur in the result.