453 A.2d 661

**Ernest STERN**

v.

**Jodie FEATHERS, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1982.

Filed Dec. 10, 1982.

Stanton D. Levenson, Pittsburgh, for appellant.

Charles M. Means, Pittsburgh, for appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

CIRILLO, Judge:

On March 16, 1981, Ernest Stern confessed judgment against Jodie Feathers for possession of a leasehold held by Feathers in Pittsburgh. On March 24, 1981, Feathers petitioned for rule to open, strike or vacate judgment and stay execution. A rule to show cause was issued by the trial court on that date. Feathers admits that she was in arrears to Stern for rent owing on a property which she rented from Stern pursuant to a lease agreement. She contends, however, that the agreement was modified orally and that she was fulfilling her obligations as modified. The lower court held on June 4, 1981 that Feathers had presented the court no meritorious defense and, as such, it discharged the rule and vacated the stay by Order dated June 4, 1981. This appeal followed.

■ Our scope of review on appeal is very limited. We will only reverse a lower court's decision not to open a judgment where that court abused its discretion. *First Pennsylvania Bank, N.A. v. Lehr,* 293 Pa.Super. 189, 438 A.2d 600 (1981). In *Corson v. Corson's Inc.,* 290 Pa.Super. 528, 434 A.2d 1269 (1981), we said:

Pa.R.C.P. 2959(e) now provides that "if evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court shall open the judgment." "Thus, a court can no longer weigh the evidence in support of the defense, but must only determine whether there is sufficient evidence to allow the issue to go to the (sic) the jury." *Wolgin v. Mickman,* 233 Pa.Super. 218,

221–222, 335 A.2d 824, 826 (1976). "Otherwise stated, the judgment should be opened where the evidence produced would be sufficient to prevent a directed verdict against [appellee]." *Greenwood v. Kadoich,* supra, 239 Pa.Super. [372] at 375, 357 A.2d [604] at 606.

The issue for our determination, therefore, is whether appellee has produced evidence sufficient to prevent a directed verdict from being granted against it.

■ Essentially, Feathers contends that in August of 1980 she and Stern agreed that she would pay her rent arrearages by specified installments. She asserts further that she paid Stern according to their agreed upon plan until December of 1980. The trial court held that the modification lacked specificity as to its terms and therefore that the modification was not proven. Thus, no issue of fact was required to be sent to the jury.

Appellant asserts that the following terms constituted a new agreement or modification of the existing written lease:

Appellant: Mr. Treidel (appellee's agent) told me that I had to show that I was attempting to pay off the balance. . . . So long as I showed that I was making an attempt, there would be no problem.

We disagree and find her contentions without merit.

In *New Eureka Amusement Co. v. Rosinsky,* 126 Pa.Super. 444, 191 A. 412 (1937), in which the facts are strikingly similar to those at bar, the court said:

The main basis of lessee's right of action is that by virtue of the lessor's promises, a new agreement was substituted for the original lease. To establish such an agreement, the proof must be such as would amount to a novation. What constitutes a novation, we have recently discussed in *Le Bar v. Patterson,* 123 Pa.Superior Ct. 491, 187 A. 278. In every novation there are four essential requisites: (1) a previous valid obligation, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the

old contract, (4) the validity of the new one; and the burden is upon one who alleges a novation to establish it by proper proof.

It is clear that at the meeting of the parties held in January, 1934 no definite agreement was made by the lessor to waive any of his rights under the lease; nor does the testimony of what occurred at the meeting held in February rise any higher. . . . In *Knight v. Gulf Refining Co.,* 311 Pa. 357, 166 A. 880 (1933), Chief Justice said: "The existence of an oral contract changing the terms of a prior written one must be clearly and positively shown. Its terms must appear definitely from the evidence. The acts of the parties, their conduct and the circumstances and relations existing between them, are all elements to be given due consideration in determining both the existence and terms of such an agreement."

Here, as in *New Eureka,* appellee continually demanded payment in full and, further, the alleged agreement fails to set forth the amount of revised payments or the period of time over which the arrearages were to be satisfied. For these reasons, we agree with the lower court that appellant has failed to raise a meritorious defense as required by Pa.R.C.P. 2959.

Since we find that the trial court has not abused its discretion in this regard, its findings should not be disturbed on appeal. *First Pennsylvania Bank, N.A. v. Lehr,* 293 Pa.Super. 189, 483 A.2d 600 (1981).

Not only does a reversal based upon the instant case eradicate the efficacy of a confession of judgment provision in a commercial setting, but it could also discourage negotiations or compromises by lessors for fear that their actions might be construed as a waiver or relinquishment of a right or remedy. Accordingly, we affirm the decision of the lower court.

Order affirmed.