475 A.2d 134

**HAMILTON BANK, formerly National Central Bank**

v.

**Edward L. RULNICK and Betty F. Rulnick, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 1, 1983.

Filed April 19, 1984.

134

Ronald Perry, York, for appellants.

Eugene R. Campbell, York, for appellee.

Before WICKERSHAM, WIEAND and CERCONE, JJ.

## OPINION

WIEAND, Judge:

This appeal was taken from an order refusing to open a judgment which had been confessed against Edward and Betty Rulnick, appellants, by Hamilton Bank, appellee. The judgment had been confessed pursuant to warrant of attorney contained in a written agreement by appellants to guarantee a loan made by the Bank to Edward Rulnick's wholly owned corporation. The court denied the petition to open the judgment because appellant's only defense was an alleged, oral agreement, evidence of which, in the court's opinion, was barred by the parol evidence rule. We affirm, but for a different reason. The terms of the subsequent, oral agreement, if believed, did not constitute a defense to the judgment confessed against appellant.

The facts have been recited in an opinion of the trial court as follows: "Defendant Edward L. Rulnick is engaged in the profession of a real estate broker. In 1972, Mr. Rulnick formed a corporation, Edward Rulnick Associates, Inc., of which he was the sole shareholder. Thereafter the corporation entered into an arrangement with Hamilton Bank (then National Central Bank) whereby the corporation established a line of credit with the bank for the operation of the brokerage business. On November 20, 1973, both Defendants signed a personal guaranty for the obligations of the corporation. That guaranty contained a clause permitting the confession of judgment which was subsequently exercised by Plaintiff bank. In 1976, the parties agreed to collateralize the loan by the execution of a document called 'Collateral Assignment Of Partnership Interest'. That instrument, dated October 29, 1976, purported to assign to the bank, as collateral security for the payment of the

'present indebtedness owing by corporation to bank', Edward L. Rulnick's one-third interest in a partnership known as KenCo. The assignment stated the present indebtedness to be the sum of Forty-Nine Thousand Eight Hundred Thirty-Eight and 24/100 ($49,838.24) Dollars.

"No part of the principal indebtedness of Edward Rulnick Associates, Inc. was made after the date of the assignment by Defendant Edward L. Rulnick. On August 29, 1980, Plaintiff filed its Complaint in confession of judgment against Defendants under the terms of the guaranty referred to above. Defendants, on September 18, 1980, filed the petition to open."

Depositions of Edward Rulnick, taken in support of the petition to open the judgment, suggested that the consideration for the collateral assignment of his partnership interest in KenCo had been an oral agreement "that they (the Bank) would not proceed for collection until I either liquidated the debt as a cash flow or sold the property (owned by the partnership) in Manchester." The trial court held that the alleged oral agreement was an inadequate defense because it was barred by the parol evidence rule.

The purpose of the parol evidence rule is "to preserve the integrity of written agreements by refusing to permit the contracting parties to attempt to alter the import of their contract through the use of contemporaneous [or prior] oral declarations." *LeDonne v. Kessler*, 256 Pa.Super. 280, 286, 389 A.2d 1123, 1126 (1978), quoting *Rose v. Food Fair Stores, Inc.*, 437 Pa. 117, 120–121, 262 A.2d 851, 853 (1970). The parol evidence rule in Pennsylvania holds that "[w]here parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract ... and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms cannot be added to nor subtracted from by parol

evidence." *Bokser v. Lewis,* 383 Pa. 507, 511, 119 A.2d 67, 69, *cert. denied,* 351 U.S. 965, 76 S.Ct. 1031, 100 L.Ed. 1485 (1956) (citations omitted) (emphasis deleted). See also: *Bardwell v. The Willis Co.,* 375 Pa. 503, 506, 100 A.2d 102, 104 (1953); *Gianni v. R. Russell & Co.,* 281 Pa. 320, 323, 126 A. 791, 792 (1924); *LeDonne v. Kessler, supra,* 256 Pa.Super. at 286–287, 389 A.2d at 1126–1127; *First Pennsylvania Bank N.A. v. Weber,* 240 Pa.Super. 593, 600–601, 360 A.2d 715, 719–720 (1976). However, it is equally clear that the rule does not apply to or prohibit a *subsequent,* oral modification of a written contract. *Nicolella v. Palmer,* 432 Pa. 502, 508, 248 A.2d 20, 23 (1968); *Consolidated Tile and Slate Co. v. Fox,* 410 Pa. 336, 340–341, 189 A.2d 228, 230 (1963); *House of Pasta, Inc. v. Mayo,* 303 Pa.Super. 298, 312, 449 A.2d 697, 704 (1982).

■ Contrary to the reasoning employed by the trial court, the appellants were not attempting to use parol evidence to modify the terms of the written assignment of additional collateral. Appellants contended, rather, that in exchange for the assignment the Bank had agreed not to proceed against them immediately to collect on the earlier contract by which appellants had guaranteed repayment of the Bank's loan to Rulnick's corporation. This evidence of an oral agreement did not modify the contemporaneous written assignment but a prior, three year old agreement of guaranty. A subsequent, oral modification of the agreement of guaranty was not barred by the parol evidence rule.

■ Appellants' evidence of an oral agreement, although not barred by the parol evidence rule, was an inadequate basis for opening the judgment. Evidence of a meritorious defense necessary to open a judgment by confession must be such as would create an issue requiring submission to a jury. Pa.R.C.P. 2959(e). See: *Young v. Pileggi,* 309 Pa.Super. 565, 568, 455 A.2d 1228, 1230 (1983); *Stern v. Feathers,* 307 Pa.Super. 433, 435, 453 A.2d 661, 662 (1982); *First National Bank, N.A. v. Lehr,* 293 Pa.Super. 189, 192, 438 A.2d 600, 602 (1981); *Lincoln Bank v. Kelly,* 282 Pa.Super.

261, 268, 422 A.2d 1106, 1110 (1980). In determining the existence or non-existence of a meritorious defense, a court must view the evidence presented in the light most favorable to the moving party, accepting as true all evidence and reasonable and proper inferences flowing therefrom. *First National Bank, N.A. v. Lehr, supra* 293 Pa.Super. at 192–193, 438 A.2d at 602; *Lincoln Bank v. Kelly, supra* 282 Pa.Super. at 268, 422 A.2d at 1110.

█ The contract of guaranty between appellants and the Bank "irrevocably authorize[d] and empower[ed] any attorney of any court of record to appear for and confess judgment therein against [the guarantors] ... for the amount for which [they] may be or become liable to [the] Bank under this Guaranty...." Confession of judgment pursuant thereto established that appellants were indebted to the Bank and that the Bank had a right to recover that indebtedness. The alleged oral agreement not to "proceed to collection" had effect only on the Bank's collection or enforcement of the judgment. It did not alter or purport to alter the warrant of attorney to confess judgment contained in the written contract. It did not prevent or affect adversely the right of the Bank to obtain additional security for the loan by entering judgment against appellants. The alleged oral agreement, therefore, did not prevent the entry of judgment against appellants and did not give rise to a meritorious defense to the judgment confessed against them. See: *Fidelity Bank v. Gorson*, 296 Pa.Super. 1, 442 A.2d 265 (1982). See also and compare: *Integrity Title Insurance, Trust & Safe Deposit Co. v. Rau*, 153 Pa. 488, 26 A. 220 (1893).

"An oral contract changing the terms of a written contract must be of such specificity and directness as to leave no doubt of the intention of the parties to change what they had previously solemnized by a formal document. The oral evidence must be of such a persuasive character that it moves like an ink eradicator across the written paper, leaving it blank so that the parties in effect start afresh in their ... mutual commitments." *Gloeckner v. Baldwin*

*Township School District,* 405 Pa. 197, 200, 175 A.2d 73, 75 (1961). The testimony of Rulnick regarding an oral agreement was inadequate as a matter of law to modify the warrant of attorney to confess judgment which the parties had previously solemnized and incorporated into their written contract of guaranty.

Because appellants failed to present evidence of a meritorious defense to the judgment, the trial court's order refusing to open the judgment must be affirmed.

Order affirmed.