**Herr v. Smith**

*David E. Greer,* for plaintiff.

2

*Daniel Carn,* for defendant.

FARINA, *P.J.,* August 11, 2008—The matter presently before this court is defendant Robin L. Smith, t/a Traditional Country Crafts' petition to open confessed judgment. On September 29, 2006, defendant Robin L. Smith executed a commercial lease for Suites A, B and F on W. Main St., Lancaster. Plaintiff Dennis D. Herr, landlord, approved and signed the lease on October 2, 2006. Within the lease an integration clause states:

"(16) Entire agreement. This lease sets forth all of the promises, agreements, conditions and understandings between the parties relative to the premises and supersedes any prior agreement between the parties. No subsequent alteration, amendment, change or addition shall be binding unless reduced to writing and signed by the parties."

Defendant testified that she took possession of the premises and remained there until the end of February 2007. Defendant admits to only checking the lease for the borough approval contingency, but did not read the lease in its entirety before execution. (Smith dep. at 8.)

Defendant contends that the second time she visited the premises, prior to signing the lease, the leasing agent, Richard A. Heslin, showed defendant the rental spaces surrounded by 20 marked off-street parking spaces. Defendant alleges that when she expressed her concerns about parking, Mr. Heslin walked her to a parking lot behind the property, which contained another 112 spaces. Defendant believed that she would have use of the 112 spaces and that this would be included in the lease. Defendant proceeded to sign the commercial lease before

confirming that the 112-space parking lot was available and/or included within the lease terms. *Id.*

Although six more spaces were added to the previous 20, defendant contends that this was insufficient for her to obtain proper zoning permits. Defendant claims to have been misled and that plaintiff was acting fraudulently. On July 31, 2007, defendant filed a petition to open confessed judgment and filed her brief in support on March 24, 2008. Oral arguments were heard by the court on July 23, 2008.

The main issues defendant raises is whether there was fraud in the execution, therefore allowing the admission of evidence of previous alleged negotiations by the parties regarding additional parking, and whether the lease was void due to illegality. Additionally defendant notes that there is a discrepancy in the amount of the judgment.

Defendant alleges that Mr. Heslin and plaintiff represented to her that the 112-space parking lot would be available for defendant's use and would be included within the lease agreement. However, upon execution, no such parking arrangements were within the lease. Defendant contends that this alleged deliberate omission of the additional parking spaces, within the commercial lease, is considered fraud in the execution, in which defendant's reliance is based upon plaintiff's previous representations and is an exception to the parol evidence rule.[1]

---

1. "Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter

Defendant provides *Toy v. Metropolitan Life Insurance Co.* 593 Pa. 20, 928 A.2d 186 (2007) as support. In *Toy,* the plaintiff's fraud claim alleged that the defendant represented that a savings plan feature would be included in the plaintiff's insurance policy, which later was not present. *Id.* The court held in *Toy* that fraud in the execution, where a party alleges that he was mistaken as to the terms and the actual contents of the agreement he executed due to the others' fraud, is excepted from the parol evidence rule's operation. *Id.* at 40, 928 A.2d at 205-206. Additionally, the court held that when dealing with fraud in the execution claims, a party can have justifiably relied upon proper representations regardless of a subsequent fully integrated written contract that the plaintiff did not read. *Id.*

However, the instant case is analogous to *Yocca v. Pittsburgh Steelers Sports Inc.,* 578 Pa. 479, 854 A.2d 425 (2004). In *Yocca,* concerned claims were brought by purchasers of stadium builder licenses which granted them the right to buy annual season tickets to Steeler football games. *Id.* at 489, 854 A.2d at 431. The purchasers received a brochure which included a diagram of the general location of seats. *Id.* The purchasers then entered into a fully integrated written agreement, but were later disappointed to learn that the seats they were assigned were not located where they expected them to be according to the brochure. *Id.* at 494-95, 854 A.2d at 434-35. The court held that the agreement was the

---

as the contract is almost always inadmissible to explain or vary the terms of the contract." *Youndt v. First National Bank of Port Allegany,* 868 A.2d 539, 546 (Pa. Super. 2005).

parties' entire contract and was unambiguous concerning the sale and that the claim of fraud in the inducement leads to application of the parol evidence rule. *Id.* at 500, 854 A.2d at 438. In applying the rule, any evidence of previous negotiations or agreements between the parties to vary or explain those terms as expressed in the agreement was barred from admission and the plaintiffs' allegations of justifiable reliance failed as a matter of law due to being based upon the brochure's representations prior to the agreement. *Id.* at 501-502, 854 A.2d at 438-39.

Similarly to *Yocca,* defendant's claim in the instant case, at most, would be considered fraud in the inducement despite her erroneous attempt to allege fraud in the execution and avoid the parol evidence rule's operation. Fraud in the inducement occurs when an opposing party allegedly made false representations that induced the complaining party to agree to the contract. *Id.* at 498, 854 A.2d at 437. Here, defendant alleges that discussions and representations were made to her by plaintiff and Mr. Heslin regarding additional parking, which then induced her into executing the lease. However, the lease agreement was a fully integrated contract without ambiguity and therefore the parol evidence rule applies. Accordingly, defendant's attempt to demonstrate that she justifiably relied upon previous discussions with plaintiff and/or Mr. Heslin are precluded and fails as a matter of law. Unlike insurance policies, as in *Toy,* the lease agreement in the instant case was a commercial transaction, handled at arms-length negotiations, and defendant's failure to read the lease does not protect her from the parol evidence rule. Furthermore, the parol evidence rule

precludes defendant's arguments regarding breach of contract and voiding the lease based on indefiniteness or lack of mutual assent since these arguments are based upon the prior alleged parking space discussions between the parties.

Defendant contends that the lease is void due to illegality. This is based on the Borough of Mount Joy's Zoning Ordinance which states that "it shall be unlawful to use and/or occupy any structure, sign, land area or portion thereof for which a zoning permit is required until a certificate of use and occupancy for such activity has been issued by the borough staff." See Borough of Mount Joy, Zoning Ordinance §103A2a (1999). Under the ordinance an increase in the number of establishments requires off-street parking spaces and where there are multiple uses "where a proposed lot contains or includes more than one type of use, the number of parking spaces required shall be the sum of the parking requirements for each separate use." *Id.* at section 601A1, 3. According to this language, defendant contends that there was not enough parking spaces allotted to her suites to obtain a permit, therefore the lease is illegal and against public policy. However, according to the testimony of Terry Kauffman, Mount Joy borough manager, there were sufficient spaces, with additional line paintings, to meet the parking requirements of the borough. (Kauffman dep. at 23.) Although the alleged parking issues may have taken time to resolve and therefore difficult to use and/or occupy the leased suites, it does not make it illegal for defendant to possess the vacant suites in the interim. Accordingly, this does not make the commercial lease illegal.

A petition to open a confessed judgment is the proper procedural tool for a debtor to utilize to contest the amount of the judgment. *Leasing Service Corporation v. Benson,* 317 Pa. Super. 439, 464 A.2d 402 (1983). In the instant case defendant alleges that she paid $1,341.13 for the months of October 2006 to and including February 2007 together with a security deposit in the amount of $1,341.13 for a total of $8,046.78. This is contested by plaintiff who states that only $6,705.65 has been paid.

Accordingly, I enter the following:

### ORDER

And now August 11, 2008 upon consideration of defendant Robin L. Smith, t/a Traditional Country Crafts' petition to open confessed judgment, briefs of the parties and oral arguments, it is hereby ordered and decreed that defendant's petition to open confessed judgment as to liability is denied; and as to the amount of damages is granted for the limited purpose of determining the amount of damages to which plaintiff is entitled due to defendant's breach of the lease.