J-A14009-15

## NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| VINCENT R. BOLTZ, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ESKAY REALTY COMPANY AND S. KANTOR COMPANY, INC., AND ALLEN D. FELDMAN, INDIVIDUALLY, | |
| Appellees | No. 1787 MDA 2014 |

Appeal from the Judgment Entered November 25, 2014
In the Court of Common Pleas of Lebanon County
Civil Division at No(s): 2009-00648

BEFORE: BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED JULY 08, 2015**

Vincent R. Boltz, Inc. appeals from the judgment entered against it on November 25, 2014, following a bench trial resolving this contract dispute. We affirm.

We adopt the following statement of facts:

[Appellant] is a plumbing/heating contractor operating in Lebanon County, Pennsylvania. [Appellees] Eskay Realty Company, S. Kantor Company, and [Allan] Feldman[1] and [Appellant] have a longstanding relationship. [Appellant] provided fuel oil and plumbing and HVAC repair services to [Appellees'] place of business and personal residence. Prior to the current dispute, [Appellant] would invoice [Appellees] for the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The proper spelling of Mr. Feldman's first name is "Allan," not "Allen."

services provided to them and they would regularly pay on the account[;] however, at no time was there a written contract between the parties.

Sometime during the summer of 2004, [Appellee] Feldman approached Mr. Boltz and inquired if [Appellant] could perform services on property he was acquiring at 722 Walnut Street, Lebanon, Pennsylvania (hereinafter "the property"). The parties met at the property and discussed the scope of the work to be completed. [Appellee] Feldman … asked Mr. Boltz if the work could be done for ten thousand dollars ($10,000).[2] Appellees allege that Mr. Boltz replied it could be done for the specified amount.

[Appellant] began work on the property after this meeting. While the work was being completed, [Appellees] were never provided any invoices and there was no discussion about the budget. [Appellant] did inform [Appellees] that the property's HVAC system was not working and extensive repairs had to be made. There is no dispute that the work was completed satisfactorily. On January 18, 2005, after all work on the property had been completed, [Appellant] presented [Appellees] with a bill for nineteen thousand, nine hundred eighty dollars and ninety-one cents ($19,980.91). Upon receiving the invoice, Mr. Feldman approached Mr. Boltz regarding the cost exceeding the requested amount. [Appellees] did pay thirteen thousand eight hundred and twenty[-]four dollars and twelve cents ($13,824.12)[] on the invoice, which included this property and other work, until October of 2006, hoping to reach an amicable resolution.

Trial Court Order and Opinion, 04/04/2014, at 2-3 (internal footnotes modified or omitted).

Appellant commenced this action in March 2009, alleging breach of contract. A bench trial was held in October 2013. In April 2014, the trial court issued its findings and verdict, specifically concluding that (1) an oral

---

[2] Appellant testified that the amount discussed was $12,000.

contract existed, pursuant to which Appellees agreed to pay ten thousand dollars ($10,000) to Appellant for work performed at the property; (2) Appellees had paid to Appellant thirteen thousand eight hundred twenty dollars and twelve cents ($13,820.12); (3) Appellant was in a superior position, knew when costs exceeded the contract price, but failed to inform Appellees or seek to modify the contract terms; and (4) Appellant was entitled to no further payment on the contract. *Id.* at 4.

Appellant timely filed a post-trial motion, challenging numerous, factual findings of the trial court. *See* Appellant's Post-Trial Motion at 2-3. The trial court denied Appellant's motion. *See* Trial Court Order and Opinion, 09/26/2014. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court did not issue a responsive opinion, but noted its position that any issue raised by Appellant on appeal was adequately addressed in its previous opinions. *See* Trial Court Order, 11/18/2014, at 3.

In November 2014, this Court noted that final judgment had not been entered in this matter as required by Pa.R.A.P. 301. *See* Order of Court, 11/21/2014. Accordingly, we directed Appellant to praecipe the trial court prothonotary to enter judgment and, thereafter, certify to this Court that judgment was entered. *Id.* Appellant complied. Thus, this appeal may proceed. *See* Pa.R.A.P. 905(a)(5).

Appellant raises the following issues on appeal:

1. Whether the lower court committed an error of law by not finding that the extra time and materials required to complete the project as scoped [*sic*] by the Appellee[s] was compensable and part of the existing service contract between the parties?

2. Whether the lower court committed an error of law by not finding that the Appellant presented sufficient evidence and testimony to prove the existence of a long[-]standing oral service contract between the parties to this action?

Appellant's Brief at 9.

Appellant rejects the court's determination that a specific, oral contract governed the service work performed at the property, suggesting instead that Appellant provided a mere estimate for the work based on an inaccurate set of facts. *Id.* at 17-18, 20. According to Appellant, the trial court's error hinges upon its failure to credit the parties' long-standing relationship, in which Appellant provided various HVAC services to Appellees in return for prompt payment. *See* Appellant's Brief at 15-17, 21, 23, 24. Viewing the evidence properly, Appellant suggests, the service work performed at the property was governed by an open contract for services, citing in support *Boyle v. Steiman*, 631 A.2d 1025, 1033-34 (Pa. Super. 1993) (recognizing an open, oral contract for investigative services rendered based upon an extensive course of dealing between the parties).

Thus, according to Appellant, we must reverse the trial court. Specifically, Appellant asks that we conclude that (1) an open contract for services existed between the parties and (2) Appellees owe to Appellant the

balance due for the work performed at the property. Upon review, we discern no basis on which to grant Appellant relief.

Appellant seeks judgment notwithstanding the verdict entered against it.

A [judgment notwithstanding the verdict] can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law; and/or, (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for [judgment notwithstanding the verdict], we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the [court] could have properly made its award, then we must affirm the trial court's denial of the motion for [judgment notwithstanding the verdict]. A [judgment notwithstanding the verdict] should be entered only in a clear case.

*Prieto Corp. v. Gambone Constr. Co.*, 100 A.3d 602, 609 (Pa. Super. 2014) (quoting *Joseph v. Scranton Times, L.P.*, 89 A.3d 251, 260 (Pa. Super. 2014)).

Whether a set of facts establishes a contract is a legal determination. *See Refuse Mgmt. Sys., Inc. v. Consol. Recycling & Transfer Sys., Inc.*, 671 A.2d 1140, 1146 (Pa. Super. 1996).

In cases involving contracts wholly or partially composed of oral communications, the precise content of which are not of record,

> courts must look to the surrounding circumstances and course of dealing between the parties in order to ascertain their intent.

*Id.*

Here, despite the longstanding relationship between the parties, recognized by the trial court and arguably governed by an open service contract, the record supports the court's determination that, in the summer of 2004, the parties entered into a specific, oral contract to govern the HVAC work performed at the property. *See, e.g.*, Notes of Testimony (N.T.), 10/14/2013, at 41-46 (Mr. Feldman testifying and providing documentary evidence of the limited financing available for repairs), 47 (Mr. Feldman testifying that he and Mr. Boltz discussed the project and agreed that the service work would be performed for $10,000.00). As we are bound by the court's findings and discern no legal error in its determination, Appellant's argument to this Court is not persuasive.

Moreover, we decline to address in detail Appellant's argument that it is entitled to additional payment, because the costs incurred to complete the project were higher than estimated, and the initial estimate was based upon inaccurate facts supplied by Appellees. *See, e.g.*, Appellant's Brief at 19 (citing in support *McManus v. City of Phila.*, 60 A. 1001 (Pa. 1905)). This argument is premised upon a challenge to the trial court's findings of fact, specifically whether the agreed upon cost formed a contract or was merely an estimate.

We reiterate that the record supports the court's findings and specifically reject Appellant's contention that Mr. Boltz merely provided an estimated cost for the work contemplated. *See Prieto Corp.*, 100 A.3d at 609 (noting our deference to the credibility determinations of the fact finder); Trial Court Order and Opinion, 04/04/2014, at 4 (implicitly crediting Mr. Feldman's testimony regarding the contract amount, based upon additional testimony and evidence that the amount was dependent upon the financing available). Accordingly, Appellant's argument is without merit.

To the contrary, it is well settled that, "once a contract has been formed, its terms may be modified only if both parties agree to the modification and the modification is founded upon valid consideration." *J.W.S. Delavau, Inc. v. Eastern Am. Transp. & Warehouseing, Inc.*, 810 A.2d 672, 681 (Pa. Super. 2002) (citing *Corson v. Corson's Inc.*, 434 A.2d 1269 (Pa. Super. 1981)); *Wilcox v. Regester*, 207 A.2d 817, 821 (Pa. 1965) ("An agreement may be modified with the assent of both contracting parties if the modification is supported by consideration."). Here, upon discovering that the cost of completing the work at the property would surpass the contract price, Appellant should have informed Appellees promptly and endeavored to modify the contract's terms. It did not. Accordingly, Appellant was bound by those terms.

Finally, Appellees have noted several errors in Appellant's presentation of its appeal. *See* Appellees' Brief at 13-18. Based on these errors and

Appellees' assertion that this appeal is frivolous, Appellees request that this Court award them counsel fees and costs, citing in support *Canal Side Care Manor, LLC v. Pa. Human Relations Comm'n*, 30 A.3d 568 (Pa. Cmwlth. 2011). *See also* Pa.R.A.P. 2744, 2751. Appellant's appeal was not frivolous, merely unpersuasive. Accordingly, we deny Appellees' request.

Judgment affirmed. Request for fees and costs denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015